IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNTHES (U.S.A.), LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC. | ) ) ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) | |
| v. | ) ) ) | C.A. No. 08-838 SLR |
| SPINAL KINETICS, INC., | ) ) ) | |
| Defendant/Counterclaimant. | ) ) | |

### SPINAL KINETICS' ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:   (302) 571-6600
apoff@ycst.com
*Attorneys for Defendant/
Counterclaimant*

*Of Counsel:*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
James W. Geriak (Cal Bar No. 32,871)
Allan W. Jansen (Cal Bar No. 81,992)
Robert W. Dickerson (Cal Bar No. 89,367)
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone:   (949) 567-6700
jgeriak@orrick.com
ajansen@orrick.com
rdickerson@orrick.com

## PRELIMINARY STATEMENT

Defendant Spinal Kinetics, Inc. ("Spinal Kinetics") provisionally files this response to the "Amended Complaint" filed in this matter without leave of Court by new "Plaintiffs" Synthes USA, LLC (f/k/a Synthes (U.S.A.)); Synthes USA Sales, LLC; and Synthes, Inc. (collectively "Synthes") on January 2, 2009.

Spinal Kinetics does not believe the Amended Complaint was or is properly filed, and is concerned that rather than being filed in good faith, it was filed in response to the Motion to Transfer filed by Spinal Kinetics on December 29, 2008 in an effort by Synthes to manufacture "facts" upon which to oppose that Motion.

Accordingly, this provisional response is without waiver of any objection Spinal Kinetics has to the filing of the so-call Amended Complaint, or prejudice to Spinal Kinetics' pending Motion to Transfer, or to any other right or remedy Spinal Kinetics now has.

## ANSWER TO AMENDED COMPLAINT

Defendant Spinal Kinetics answers the Amended Complaint of plaintiffs Synthes in accordance with the numbered paragraphs thereof as follows:

### NATURE OF THE ACTION

1. Admitted.

2. Spinal Kinetics admits that the title of U.S. Patent No. 7,429,270 ("the '270 patent") is "Intervertebral Implant," but lacks knowledge or information sufficient to form a belief about the truth of any other allegation of paragraph 2 of the Amended Complaint.

OHS West:260582577.2

3. Spinal Kinetics denies that it is making, using, selling and/or offering to sell an intervertebral implant that infringes Synthes' patent rights, and denies any other allegations of paragraph 3 of the Amended Complaint.

## PARTIES

4. Spinal Kinetics admits that Synthes (U.S.A.) was the only plaintiff in the original complaint filed in this matter, and that as stated in the original complaint it had a place of business in West Chester, Pennsylvania. Spinal Kinetics lacks knowledge or information sufficient to form a belief about the truth of any other allegation of paragraph 4 of the Amended Complaint.

5. Spinal Kinetics lacks knowledge or information sufficient to form a belief about the truth of any allegation of paragraph 5 of the Amended Complaint.

6. Spinal Kinetics lacks knowledge or information sufficient to form a belief about the truth of any allegation of paragraph 6 of the Amended Complaint.

7. Spinal Kinetics lacks knowledge or information sufficient to form a belief about the truth of any allegation of paragraph 7 of the Amended Complaint.

8. Spinal Kinetics lacks knowledge or information sufficient to form a belief about the truth of any allegation of paragraph 8 of the Amended Complaint.

9. Spinal Kinetics admits that it is a Delaware corporation with a principal place of business at 595 N. Pastoria, Sunnyvale, California 94085; and that it manufactures an intervertebral implant commercially called the M6 intervertebral implant. Spinal Kinetics denies the remaining allegations of paragraph 9 of the Amended Complaint, and specifically denies that the M6 intervertebral implant is offered for sale or sold in the United States.

## JURISDICTION AND VENUE

10. Admitted.

11. Spinal Kinetics admits that this Court has personal jurisdiction over Spinal Kinetics because it was formed under the laws of the State of Delaware, but denies the remaining allegations of paragraph 11 of the Amended Complaint.

12. Spinal Kinetics admits that venue is proper in this jurisdiction and that this Court has personal jurisdiction over Spinal Kinetics; but denies that venue is proper under 28 U.S.C. § 1400(b), and denies that this case should go forward in this District for the reasons set forth in its Motion to Transfer filed December 29, 2008.

## BACKGROUND FACTS

13. Spinal Kinetics admits that the '270 patent indicates that it was issued on September 30, 2008 and is entitled "Intervertebral Implant," that Synthes (U.S.A.) is identified as the assignee on the face of the '270 patent, and that what appears to be a true and correct copy of the '270 patent is attached as Exhibit A to the Amended Complaint. Spinal Kinetics denies that the '270 patent was duly and lawfully issued, and denies any other allegation of paragraph 13 of the Amended Complaint.

14. Spinal Kinetics lacks knowledge or information sufficient to form a belief about the truth of any allegation of paragraph 14 of the Amended Complaint.

15. Spinal Kinetics admits that it manufactures an intervertebral implant commercially known as the M6 intervertebral implant in the United States, and that such a device has up to this time been used in the United States solely for purposes of application for approval of that device by the FDA, which use is therefore a non-

infringing use pursuant to at least the provisions of 35 U.S.C. § 271(e)(1). Spinal Kinetics avers that it has not marketed, offered for sale or sold the M6 Product in the Unites States. Spinal Kinetics denies any other allegation of paragraph 15 of the Amended Complaint.

## COUNT ONE

16. Spinal Kinetics incorporates by reference its admissions, denials and other responses set forth in paragraphs 1-15 above.

17. Denied.

18. Spinal Kinetics denies that it has infringed the '270 patent, directly, indirectly, willfully or otherwise, and denies any other allegation of paragraph 18 of the Amended Complaint.

19. Spinal Kinetics denies that it has infringed the '270 patent, directly, indirectly, willfully or otherwise, and denies any other allegation of paragraph 19 of the Amended Complaint.

20. Spinal Kinetics denies that it has infringed the '270 patent, directly, indirectly, willfully or otherwise, and denies any other allegation of paragraph 20 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Spinal Kinetics asserts at this time the following affirmative defenses to Synthes' Amended Complaint based upon its present knowledge, information and belief, without waiving any other affirmative defense that may arise or come to its attention in the future:

## FIRST AFFIRMATIVE DEFENSE

The claims of '270 patent that are asserted to be infringed are, on information and

belief, invalid under 35 U.S.C. § 101, and under §§ 102 and/or 103 in view of the prior art, particularly if the asserted claims of the '270 patent are construed so broadly as to be infringed by Spinal Kinetics' products, including the M6 product.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '270 patent that are asserted to be infringed are, on information and belief, invalid under 35 U.S.C. § 112 for failure to satisfy the written description and/or enablement and/or best mode requirements; particularly if the asserted claims of the '270 patent are construed so broadly as to be infringed by Spinal Kinetics' products, including the M6 product.

### THIRD AFFIRMATIVE DEFENSE

If the claims of the '270 patent are properly construed, then Spinal Kinetics has not infringed and is not infringing the '270 patent and has not induced or contributed to any activities of another which constitute an infringement of any claims of the '270 patent.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, statements and representations made and other action taken by Synthes (and its predecessors in interest and those acting on their behalf) during the prosecution of the application for the '270 patent, and related applications for parent and child applications, have created a prosecution history disclaimer that now estop Synthes from urging a construction of the asserted claims of the '270 patent that would lead to a finding of either direct or indirect infringement thereof by Spinal Kinetics.

### FIFTH AFFIRMATIVE DEFENSE

On information and belief, statements and representations made and other actions

taken by Synthes (and its predecessors in interest and those acting on their behalf) during the prosecution of the application for the '270 patent, and related applications for parent and child applications, now prevent Synthes from any resort to the Doctrine of Equivalents in an effort to assert infringement of any of the asserted claims of the '270 patent against Spinal Kinetics.

## SIXTH AFFIRMATIVE DEFENSE

Synthes' claim for damages for patent infringement is limited by 35 U.S.C. §287.

## SEVENTH AFFIRMATIVE DEFENSE

Synthes has failed to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

On information and belief, one or more of the Synthes plaintiffs does not have standing to sue.

## NINTH AFFIRMATIVE DEFENSE

On information and belief, all Synthes plaintiffs come into this court with unclean hands, including but not limited to its conduct in filing the so-called "Amended Complaint." For example, on information and belief, the purported assignment from Synthes (U.S.A.) to Synthes USA, LLC was identified as based upon a "change of name," when in fact Synthes USA, LLC appears to be a new, separate and distinct entity from Synthes (U.S.A.). On information and belief, the mis-description of the conveyance in the Amended Complaint was done in an effort to prevent transfer of this case from the District of Delaware. As a result, the Synthes plaintiffs come to this Court with unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Spinal Kinetic's conduct alleged in the Amended Complaint to be an infringement of the '270 patent is non-infringing use pursuant to at least the provisions of 35 U.S.C. § 271(e)(1).

## COUNTERCLAIMS

Spinal Kinetics counterclaims against the Synthes plaintiffs/counterdefendants as follows:

## THE PARTIES

1. Spinal Kinetics is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 595 N. Pastoria Avenue, Sunnyvale, California 94085. Spinal Kinetics has no place of business and conducts no business in the State of Delaware.

2. On information and belief based upon the allegations of the Amended Complaint, Synthes (U.S.A.) supposedly is and/or was a Pennsylvania partnership that maintains a place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380, and has no place of business in the State of Delaware; Synthes USA, LLC is supposedly is Delaware limited liability company that maintains a place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380 that has no place of business in the State of Delaware; Synthes USA Sales, LLC is supposedly a Delaware Corporation that maintains a place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380, and has no place of business in the State of Delaware; and Synthes, Inc. is supposedly a Delaware Corporation that maintains a place of business at 1302

Wrights Lane East, West Chester, Pennsylvania 19380, and has no place of business in the State of Delaware.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 2201.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), although Spinal Kinetics avers that this matter should be transferred to the Northern District of California for the reasons set forth in its Motion to Transfer filed December 29, 2008.

## ACTS GIVING RISE TO THE COUNTERCLAIM

5.  Synthes has commenced an action against Spinal Kinetics alleging that Spinal Kinetics' M6 intervertebral implant device infringes all claims of the '270 patent.

6.  By such action, Synthes has created an actual and justiciable case and controversy between itself and Spinal Kinetics concerning whether the '270 patent is valid and/or enforceable, as well as whether Spinal Kinetics is infringing any valid and/or enforceable claim of the '270 patent.

7.  Spinal Kinetics has not infringed and is not infringing any claims of the '270 patent directly, indirectly, willfully or otherwise.

8.  Spinal Kinetics has not marketed, offered for sale or sold any M6 intervertebral implant device within the United States.

9.  Any use by Spinal Kinetics of its M6 intervertebral implant device within the United States has been in connection solely with its application to the FDA for approval of the device.

10. Spinal Kinetics' M6 intervertebral implant device does not have a core that includes an incompressible liquid.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '270 Patent)

11. Spinal Kinetics repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

12. One or more of the Synthes plaintiffs have alleged that it/they is/are the owner(s) of all right, title and interest to the '270 patent and that Spinal Kinetics has infringed and is infringing one or more claims of that patent.

13. Spinal Kinetics has not infringed and is not now infringing, either directly, contributorily, or through inducement, willfully or otherwise, the '270 patent.

14. Any use by Spinal Kinetics of its M6 intervertebral implant device within the United States has been in connection solely with its application to the FDA for approval of the device, which use is therefore immune from allegations of infringement pursuant to the provisions of 35 U.S.C. 271(e)(1).

15. As a result of Synthes' actions and statements, including the filing of this action, an actual controversy now exists between the parties regarding the alleged infringement by Spinal Kinetics of the '270 patent.

16. Spinal Kinetics is entitled to a declaration that it does not infringe the '270 patent and that any use of its MS device in the United States to date is protected by the provisions of 35 U.S.C. 271(e)(1).

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '270 Patent)

17. Spinal Kinetics repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

18. Spinal Kinetics is informed and believes and thereon alleges that any and all allegedly infringed claims of the '270 patent are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

19. As a result of Synthes' actions and statements, including the filing of this action, an actual controversy now exists between the parties regarding the validity of the '270 patent.

20. Spinal Kinetics is entitled to a declaration that the allegedly infringed claims of the '270 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, defendant Spinal Kinetics requests that judgment against plaintiffs Synthes be entered as follows:

A. That Synthes take nothing by their Amended Complaint and that their Amended Complaint be dismissed with prejudice;

B. That Spinal Kinetics does not infringe the '270 patent;

C. That the allegedly infringed claims of the '270 patent are invalid;

D. That the case is exceptional under 35 U.S.C. § 285 and that Spinal Kinetics be awarded its attorneys' fees, costs and expenses incurred in this action as provided by that statute;

E. Judgment in favor of Spinal Kinetics against Synthes on all of Spinal Kinetics' Counterclaims, including a Declaration that the allegedly infringed claims of

the '270 patent are not infringed and/or are invalid, and that its conduct in the United States to date is protected by the provisions of 35 U.S.C. 271(e)(1); and

F.   That Spinal Kinetics have such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Spinal Kinetics demands trial by jury as to all issues in the Amended Complaint, its Answer and Affirmative Defenses thereto, and its Counterclaims that are properly submitted to a jury.

DATED:  January 20, 2009                                Respectfully submitted,

                                                YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *(signature)*

Josy W. Ingersoll  (No. 1088)
Adam W. Poff  (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:     (302) 571-6600
Facsimile:      (302) 571-1253
apoff@ycst.com
*Attorneys for Defendant/Counterclaimant*

*Of Counsel:*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
James W. Geriak (Cal Bar No. 32,871)
Allan W. Jansen (Cal Bar No. 81,992)
Robert W. Dickerson (Cal Bar No. 89,367)
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone:     (949) 567-6700
Facsimile:      (949) 567-6710
jgeriak@orrick.com
ajansen@orrick.com
rdickerson@orrick.com

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on January 20, 2009, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick
>John G. Day
>Tiffany Geyer Lydon
>Ashby & Geddes
>500 Delaware Avenue, 8th Floor
>P.O. Box 1150
>Wilmington, DE 19899
>(302) 654-1888
>sbalick@ashby-geddes.com

I further certify that on January 20, 2009, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following participants in the manner indicated:

### BY EMAIL

>Jeffrey M. Olson [jolson@sidley.com]
>Matthew J. Jorgenson [mjorgenson@sidley.com]
>Carissa A. Tener [ctener@sidley.com]
>SIDLEY AUSTIN LLP
>555 West Fifth Street
>Los Angeles, CA 90013
>(213) 896-6000

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/ Adam W. Poff
>Adam W. Poff (No. 3990)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware, 19801
>302-571-6600
>*Attorneys for Defendant Spinal Kinetics, Inc.*