**E-FILED on** 1/31/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPINAL KINETICS, INC., <br><br> Defendants. | No. C-09-01201 RMW <br><br> ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF CLAIMS 29-31 OF U.S. PATENT NO. 7,429,270 <br><br> **[Re Docket Nos. 98 and 133]** |

Defendant Spinal Kinetics, Inc. ("Spinal Kinetics") moves for summary judgment of non-infringement of claims 29-31 of U.S. Patent No. 7,429,270 ("the '270 patent"). In addition to it's opposition papers, plaintiff Synthes objects to what it refers to as improper "reply evidence" contained in Spinal Kinetics' reply. On January 28, 2011, the court held a hearing to consider defendant's motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court overrules plaintiff"s objections and denies the motion for summary judgment.

# I. BACKGROUND

The invention claimed in the '270 patent is directed to an intervertebral implant. More specifically, the patent describes a prosthetic device designed to replace a diseased or damaged disc located between adjacent vertebrae, *i.e.* an "artificial disc." Synthes asserts that Spinal Kinetics' M6-L implant infringes claims 29, 30, and 31 of the '270 patent:

> 29. An intervertebral implant for implantation between an upper and lower vertebrae, the implant having a central axis, the implant comprising:
>
> a first substantially rigid bone contacting plate having an external surface extending generally transversely to the central axis for contacting at least a portion of the upper vertebra;
>
> a second substantially rigid bone contacting plate having an external surface extending generally transversely to the central axis for contacting at least a portion of the lower vertebra;
>
> a third plate operatively coupled to the first bone contacting plate, the third plate including a plurality of openings;
>
> a fourth plate operatively coupled to the second bone contacting plate, the fourth plate including a plurality of openings;
>
> a central part substantially located between the third and fourth plates, the central part including a flexible core and a fiber system, ***wherein the core is substantially cylindrical*** and includes a top surface and a bottom surface, the top surface of the core being in contact with the third plate and the bottom surface of the core being in contact with the fourth plate, and wherein the fiber system at least partially surrounds the core, and is at least partially received within the plurality of openings formed in the third and fourth plates so that the fiber system is joined to the third and fourth plates; and
>
> an elastic sheathing body at least partially surrounding the fiber system and the core, and connected to the third and fourth plates.
>
> 30. The intervertebral implant of claim 29, wherein the first and second bone contacting plates are made from titanium or a titanium alloy.
>
> 31. The intervertebral implant of claim 30, wherein the fiber system is constructed of an ultra high molecular weight polyethylene (UHMWPE) material.

This court has already construed the disputed claim terms. Dkt. No. 84. Of particular relevance to this motion, the court declined to construe the term "substantially cylindrical." *Id.* at 11-12. Instead, the court held that "substantially cylindrical" needs no construction. *Id.* at 12.

Spinal Kinetics now moves for summary judgment that the core of its M6-L implant is not substantially cylindrical and therefore does not infringe claims 29-31 of the '270 patent.

## II. ANALYSIS

### A. General standards for summary judgment of non-infringement

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is improper "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Federal Circuit has held that "[a] literal infringement issue is properly decided upon summary judgment when no genuine issue of material fact exists, in particular, when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998) (citing *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996)). A claim of infringement under the doctrine of equivalents may also be decided on summary judgement. As the Supreme Court has stated:

> Where the evidence is such that no reasonable jury could determine two elements to be equivalent, [the] district court [is] obliged to grant partial or complete summary judgment . . . . Of course, the various legal limitations on the application of the doctrine of equivalents are to be determined by the court . . . . [I]f prosecution history estoppel would apply or if a theory of equivalence would entirely vitiate a particular claim element, partial or complete summary judgment should be rendered by the court, as there would be no further material issue for the jury to resolve.

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8 (1997).

### B. Literal Infringement

Spinal Kinetics argues that the core of the M6-L is not substantially cylindrical as required by claims 29-31. Rather, Spinal Kinetics contends that the accused device is closer in shape to a "flying saucer." At the same time, Spinal Kinetics points to the '270 patent's description of the "central part" as "essentially hollow-cylindrical, hollow-prismatic, . . . a body of rotation, an ellipsoid, a partial sphere or barrel-shaped." col.3 ll.55-58. Spinal Kinetics argues that these shapes are not included within the meaning of "substantially cylindrical" and therefore the core of the M6-L, which Spinal Kinetics asserts is more ellipsoid than substantially cylindrical, does not infringe claims 29-31. The M6-L core is shown below:



Dkt. No. 98-6 at 3.

When construing a term of degree, the court must ask whether the intrinsic evidence provides some standard for measuring that degree. *Exxon Research and Eng'g Co. v. United States*, 265 F.3d 1371, 1381 (Fed. Cir. 2001) ("When a word of degree is used the district court must determine whether the patent's specification provides some standard for measuring that degree."). But where the intrinsic evidence fails to provide a more exact construction, the Federal Circuit has ruled that it would be error for the court to supply one on its own. *See, e.g, Playtex Prods., Inc. v. Procter & Gamble Co.*, 400 F.3d 901, 907 (Fed. Cir. 2005) ("But the definition of 'substantially flattened surfaces' adopted by the district court introduces a numerical tolerance to the flatness of the gripping area surfaces of the claimed applicator [which] contradicts the recent precedent of this court, interpreting such terms of degree."). The Federal Circuit has also held that "[t]he term 'substantial' is a meaningful modifier implying 'approximate,' rather than 'perfect.'" *Id.* (citing *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1368 (Fed. Cir. 2004).

Spinal Kinetics has failed to show that no reasonable jury could find that the core of the M6-L is substantially cylindrical. As this court stated in its claim construction order, while the specification lists several shapes in describing the central part, nothing suggests that these shapes are mutually exclusive.[1] For example, the term "body of rotation" is likely broad enough to cover each of the listed shapes. Spinal Kinetics does not point to any other intrinsic evidence in the specification or in the prosecution history that suggests a concrete measure of the term "substantially cylindrical." To be

---

[1] In its reply brief, Spinal Kinetics frequently cites to the deposition of Mr. Koch, a Synthes engineer, who agrees that "or" is usually disjunctive in the patent drafting context. In response, Synthes argues that Spinal Kinetic's reply brief contains new evidence under Local Rule 7-3(d)(1) that the court should strike. But even considering the purportedly new evidence, there is a material issue of fact as to whether the core of Spinal Kinetics' product could be considered "substantially cylindrical." For example, Mr. Koch clearly stated in his deposition that he did not believe that the shapes listed in the '270 patent are mutually exclusive. Dkt. No. 124 Exh. D at 123:17-126:11.

sure, Spinal Kinetics correctly asserts that the mathematical definition of "cylindrical" is an appropriate starting point. But the term "substantially" cannot be ignored and implies "approximate" rather than "perfect." Spinal Kinetics does not identify which aspects of its accused lumbar core deviate from "substantially cylindrical," other than to state that the core is a "flying saucer" and therefore, not substantially cylindrical.

Spinal Kinetics argues that *Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298 (Fed. Cir. 2003) stands for the proposition that courts must construe terms with a modifier such as "substantial." *Anchor Wall Systems* is not as broad as defendant contends. In that case, the Federal Circuit remanded because of "the entire omission of a claim interpretation analysis from the opinion, and the conclusory factual findings on infringement" with respect to the term "substantially horizontal." *Id.* at 1311. But in that same opinion, the Federal Circuit held that "the phrase 'generally parallel' envisions some amount of deviation from exactly parallel." *Id.* In other words, nothing in the opinion suggests that this court is required to define the exact bounds of a claim term that includes a modifier such as "substantial."

Even more to the point, the Federal Circuit has repeatedly warned that terms of degree frequently do not warrant a more precise construction. *PPG Indus. v. Guardian Indus. Corp.*, 156 F.3d 1351, 1355 (Fed. Cir. 1998) ("Claims are often drafted using terminology that is not a precise or specific as it might be . . . . That does not mean, however, that a court, under the rubric of claim construction, may give a claim whatever additional precision or specificity is necessary to facilitate a comparison between the claim and the accused product."). In such cases, it is often more appropriate to pass an imprecise term to the jury in its role as a fact finder. Here, Synthes presents evidence that the upper and lower surfaces of natural intervertebral discs are convex in their central portions yet compared to cylinders in the medical literature. Dkt. No 107-6 at ¶¶ 8, 10-11. Even if the M6-L is not specifically designed to mimic the shape of a natural intervertebral disc, Synthes has presented evidence that a reasonable jury could find the term "substantially cylindrical" to encompass the M6-L core shape.

In sum, the court declines to revisit its construction of the term "substantially cylindrical."

ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF CLAIMS 29-31 OF U.S. PATENT NO. 7,429,270—No. C-09-01201 RMW
JLR        5

### C.     Doctrine of Equivalents

Spinal Kinetics also moves for summary judgment that the claims are not infringed under the doctrine of equivalents.  Specifically, Spinal Kinetics argues that the "substantially cylindrical" was added to overcome a rejection based on prior art and, therefore, the doctrine of file wrapper estoppel prevents Synthes from recapturing that which was allegedly surrendered during prosecution.  Spinal Kinetics compares this case to *BAI v. L & L Wings, Inc.*, 160 F.3d 1350 (Fed. Cir. 1998) where the Federal Circuit held that file wrapper estoppel applied because the patentee had added the word "hemispherical" to the structure "dish-shaped rigid plastic member."

The Supreme Court has held that "[w]here the original application once embraced the purported equivalent but the patentee narrowed his claims to obtain the patent or to protect its validity, the patentee cannot assert that he lacked the words to describe the subject matter in question."  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 734 (2002).  If an amendment "is necessary and narrows the patent's scope–even if only for the purpose of better description–estoppel may apply."  *Id.* at 737.

Spinal Kinetics' file wrapper estoppel claim is unconvincing.  Here, the asserted claims were added as new claims A-47, A-48, and A-49 in a February 19, 2008 amendment and issued without any further amendment as independent claim 29 and dependent claims 30 and 31.  Dkt. No. 98-5 at 12.  Spinal Kinetics addresses this fact by suggesting that the new claims were merely new embodiments of previously pending claims.  The new claims were added, Spinal Kinetics argues, for the first time in response to the rejection of previously pending claims on the basis of prior art.  However, Spinal Kinetics has not pointed out any prior original claim, or any prior claim rejection, that provoked the addition of claim A-47, let alone the substantially cylindrical limitation.  Spinal Kinetics further contends that these new claims could just as easily have been presented as amendments to the original claims.  But the February 19, 2008 response already amended most of the earlier claims while simultaneously adding new claims.  Dkt. No. 98-5 at 3-13.

Spinal Kinetic's reliance on *Bai* is similarly misplaced.  In that case, the amendment "was clearly an attempt by Bai to differentiate his invention over the [cited prior art] patent."  *Bai*, 160 F.3d at 1355.  Here, "substantial cylindrical" limitation was added as part of a new claim.  During

prosecution, the patentee did assert that the cited prior art did not disclose, teach or suggest all of the limitations of the newly added claims. But this does not automatically mean that "substantially cylindrical" was added to overcome prior art. The fact that the "substantially cylindrical" limitation first appeared in the patent application as part of new claims after an office action rejected previously pending claims does not, by itself, create file wrapper estoppel. In other words, Spinal Kinetics has failed to articulate how claims A-47, A-48, and A-49 are related to an earlier claim or rejection.

Spinal Kinetics' arguments that the doctrine of equivalents would vitiate the "substantially cylindrical" claim element and that the shapes disclosed in the '270 patent at col.3 ll.55-58 result in disclosure-dedication are inapplicable for reasons already discussed. Spinal Kinetics has not offered any evidence from the specification or the prosecution history to suggest that "substantially cylindrical" specifically excludes the M6-L core shape. Moreover, there is no intrinsic evidence to suggest that the shapes listed at col.3 ll.55-58 are mutually exclusive.

In sum, infringement under the doctrine of equivalents is not barred by file wrapper estoppel, claim vitiation, or the disclosure-dedication rule.

### III. ORDER

For the foregoing reasons, the court denies Spinal Kinetics' motion for summary judgment of non-infringement.

DATED:     1/31/2011

RONALD M. WHYTE
United States District Judge