*E-FILED 02-25-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPINAL KINETICS, INC., <br><br> Defendant. | No. C09-01201 RMW (HRL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL SAMPLES OF ACCUSED DEVICES AND COMPONENTS THEREOF** <br><br> [Re: Docket No. 134] |

Plaintiffs Synthes USA, LLC (f/k/a Synthes (U.S.A.)), Synthes USA Sales, LLC, and Synthes, Inc. (collectively Synthes) move for an order compelling defendant to produce samples of the accused devices, as well as complete set of components for each device.[1] Specifically, plaintiffs seek samples and components of defendant's M6-C ("classic" and "integrated" versions) and M6-L disc devices. Defendant Spinal Kinetics, Inc. (Spinal Kinetics) agrees to produce the requested samples and components. The parties, however, are unable to agree on what compensation, if any, defendant should receive for the requested production. Defendant argues that Synthes should be made to pay the reasonable commercial value for the devices—i.e., $3,300 per unit. Plaintiffs say that they previously offered to pay $1,000 per device—a sum that they believe is sufficient to cover defendant's reasonable costs. But,

---

[1] The samples and components in question are responsive to plaintiffs' Request for Production Nos. 86 and 87. (*See* Olson Decl. Ex. A).

1   because defendant insists on payment of the devices' commercial value, plaintiffs now contend
2   that the court should, as a "minor penalty," order Spinal Kinetics to produce additional samples
3   and components of each device for free.  (Mot. at 5).

4   Ordinarily, the responding party bears the expense of complying with discovery
5   requests.  *OpenTV v. Liberate Techs.*, 219 F.R.D. 474, 476 (N.D. Cal. 2003).  Nevertheless, the
6   court retains broad discretion in managing discovery.  *See* FED. R. CIV. P. 26(c) & (d).  And, for
7   good cause shown, this court may make any order protecting a party from any undue burden or
8   expense, "including orders conditioning discovery on the requesting party's payment of the
9   costs of discovery."  *OpenTV*, 219 F.R.D. at 476.

10  The requested samples indisputably are relevant.  The parties disagree as to how readily
11  the devices are available from other sources.  But, there appears to be no dispute that, aside
12  from defendant, the devices are available only through defendant's European distributors.  The
13  costs of production likely are small compared to the total amount in controversy.  Defendant
14  says that it is a small start-up company that is not readily able to absorb the cost of essentially
15  giving away free samples of its devices to plaintiffs.  It has not, however, provided declarations
16  substantiating its claimed lack of operating profit.  Nevertheless, defendant points out that (a)
17  prior to this litigation, plaintiffs managed to acquire a sample of the devices abroad; and
18  (b) defendant previously gave plaintiffs free samples of the M6-L and M6-C "integrated"
19  devices.  And, this court appreciates that these are devices which serve a medical need.  As
20  such, defendant should not bear the entire cost of production of these devices and components.

21  Synthes' motion to compel is granted in part and denied in part as follows:   Defendant
22  shall produce the requested samples and components of its M6-L and M6-C ("classic" and
23  "integrated" versions) within 7 days from the date of this order.  Plaintiffs shall, upon receipt of
24  the samples and devices, promptly tender to defendant payment of $1650 per device.  To the
25  extent Synthes wishes to provide supplemental expert reports based on testing and analysis of
26  the produced samples, plaintiffs may need to find themselves seeking appropriate relief from

2

1  Judge Whyte.
2      SO ORDERED.
3  Dated:   February 25, 2011

                                         HOWARD R. LLOYD
                                         UNITED STATES MAGISTRATE JUDGE

5:09-cv-01201-RMW Notice has been electronically mailed to:

Allan William Jansen     ajansen@orrick.com, ajansen@orrick.com, kjohnson@orrick.com, lfulmer@orrick.com

Andre De La Cruz     adelacruz@orrick.com, jdavis@orrick.com

Ehab Monsef Samuel     esamuel@orrick.com

James W. Geriak     jgeriak@orrick.com, lfulmer@orrick.com, ymeneses@orrick.com

Jeffrey Martin Olson     jolson@sidley.com, aprado@sidley.com, ngregg@sidley.com

Kurt Timothy Mulville     kmulville@orrick.com, jdavis@orrick.com

Matthew Spencer Jorgenson     mjorgenson@sidley.com

Monte M.F. Cooper     mcooper@orrick.com, adalton@orrick.com, mortiz@orrick.com

Paul Howard Meier     pmeier@sidley.com

Robert W. Dickerson     rdickerson@orrick.com

Robert William Dickerson     DickersonR@dicksteinshapiro.com, sfischer@orrick.com

Samuel N. Tiu     stiu@sidley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.