**\*E-FILED 02-25-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPINAL KINETICS, INC., <br><br> Defendant. | No. C09-01201 RMW (HRL) <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL RE INTERROGATORY 16 AND DOCUMENT REQUEST 103** <br><br> [Re: Docket No. 127] |

Plaintiffs Synthes USA, LLC (f/k/a Synthes (U.S.A.)), Synthes USA Sales, LLC and Synthes, Inc. (collectively, Synthes) move for an order compelling defendant Spinal Kinetics, Inc. (Spinal Kinetics) to answer Interrogatory No. 16 and to produce documents responsive to Request for Production No. 103. In essence, Synthes wants to know whether Spinal Kinetics has interviewed or otherwise communicated with third-party witnesses—ten in particular[1]—identified in defendant's initial disclosures. If so, plaintiffs also seek discovery as to when, where, and between whom those communications took place; the substance of the

---

[1] The ten witnesses are: (1) Arne Faisst, (2) Horst Hubner, (3) Erwin Locher (4) Claude Mathieu, (5) Hugo Mathys, (6) Robert Mathys, Jr.; (7) Daniel Muller, (8) Ulrich Reinbold, (9) Armin Studer, and (10) Neil Vanderlinde. This court is told that, with the exception of Daniel Muller, all of these individuals are former employees of Mathys Medizinaltechnik AG. Muller reportedly is a former employee of the RMS Foundation. Spinal Kinetics disputes whether Robert Mathys, Jr. really belongs in this group of witnesses because, as discussed in defendant's separate motion to compel, plaintiffs are opposing defendant's attempts to depose him.

communications; and the identification and production of any documents exchanged during those contacts or communications. Spinal Kinetics opposes the motion on the ground that the requested information is protected by the attorney work product doctrine. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court denies the motion.

Neither side has identified binding precedent. And, district courts are split on the issue whether the identities of witnesses interviewed by an opposing party are protected work product. Here, the identities of witnesses are already known. Instead, plaintiffs seem to be seeking the fruits of defendant's own investigation (if any) as to these particular individuals. This court finds that the requested information is work product. *See, e.g., Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. C01-20418JW, 2005 WL 1459555 *4 (N.D. Cal., June 21, 2005).

While the work product doctrine is only "minimally" implicated here, *see id*. at *5, plaintiffs have not made the requisite showing of substantial need or undue burden to override the doctrine's protection. Plaintiffs argue that, if the instant motion is not granted, then they will bear a tremendous burden to obtain discovery about what these witnesses might know, especially when the witnesses are all located in Europe and the period for fact discovery is drawing to a close. In sum, plaintiffs want to avoid being "sandbagged" at trial. The parties, however, have agreed that any person either side chooses to call at trial will be offered for deposition. Certainly, to the extent defendant intends to present any of these (or any other) non-expert witness at trial, this court expects that defendant should identify any such witnesses and offer them for deposition before the close of fact discovery. Although Synthes expresses concern that Spinal Kinetics might be up to something, plaintiffs have not managed to convince that defendant is withholding information that it is obliged to disclose under the Federal Rules of Civil Procedure. Moreover, plaintiffs acknowledge that they have known about these witnesses since summer 2009 when discovery reportedly opened. And, there is no indication as to what efforts, if any, plaintiffs have made since then to contact these witnesses or to obtain from them directly any substantive information they might have that bears on the issues in

1  dispute. Nor is this court persuaded that any attempts to obtain information from these
2  witnesses directly would have been ineffective or unhelpful, as Synthes seemed to suggest at the
3  motion hearing.[2]
4      Based on the foregoing, plaintiffs' motion to compel is denied.
5      SO ORDERED.
6  Dated:    February 25, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] At oral argument, Synthes expressed concern that, even if it had tried to obtain discovery from these witnesses directly, the witnesses might have been uncooperative, or may not have given Synthes the same level of cooperation that they might have given Spinal Kinetics.

3

5:09-cv-01201-RMW Notice has been electronically mailed to:

Allan William Jansen     ajansen@orrick.com, ajansen@orrick.com, kjohnson@orrick.com, lfulmer@orrick.com

Andre De La Cruz     adelacruz@orrick.com, jdavis@orrick.com

Ehab Monsef Samuel     esamuel@orrick.com

James W. Geriak     jgeriak@orrick.com, lfulmer@orrick.com, ymeneses@orrick.com

Jeffrey Martin Olson     jolson@sidley.com, aprado@sidley.com, ngregg@sidley.com

Kurt Timothy Mulville     kmulville@orrick.com, jdavis@orrick.com

Matthew Spencer Jorgenson     mjorgenson@sidley.com

Monte M.F. Cooper     mcooper@orrick.com, adalton@orrick.com, mortiz@orrick.com

Paul Howard Meier     pmeier@sidley.com

Robert W. Dickerson     rdickerson@orrick.com

Robert William Dickerson     DickersonR@dicksteinshapiro.com, sfischer@orrick.com

Samuel N. Tiu     stiu@sidley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.