*E-FILED 03-02-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPINAL KINETICS, INC., <br><br> Defendant. | No. C09-01201 RMW (HRL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DEPOSITIONS** |

Defendant Spinal Kinetics, Inc. (Spinal Kinetics) moves to depose certain individuals and to re-depose others. The requested depositions essentially fall into three categories: (1) second depositions of Baumgartner and Burri, the named inventors of the patent-in-suit; (2) an "apex" deposition of plaintiffs' Chief Executive Officer, Michael Orsinger; and (3) depositions of two individuals residing in Switzerland: (i) Synthes' Swiss patent prosecution counsel, Dr. Peter Kaiser; and (ii) Robert Mathys; Jr., former head of the RMS Foundation. Plaintiffs Synthes USA, LLC (f/k/a Synthes (U.S.A.)); Synthes USA Sales LLC; and Synthes, Inc. (collectively, Synthes) oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

1  A.      Baumgartner and Burri Depositions

       Absent a stipulation, a party must obtain leave of court to take another deposition of a witness who has already been deposed in the case. FED. R. CIV. P. 30(a)(2)(A)(ii). A court must grant leave unless it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. FED.R.CIV.P. 26(b)(2)(C)(i)-(iii).

       Defendant's assertions as to the breadth and scope of purportedly "new" information and material discovered after the inventors' first depositions are exaggerated. Moreover, Spinal Kinetics has failed to convince that the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied. Defendant's motion as to second depositions of Baumgartner and Burri is denied.

B.      Deposition of Michael Orsinger

       "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C05-04374MMC (JL), 2007 WL 205067 *3 (N.D. Cal., Jan. 25, 2007). "Where a high-level decision maker 'removed from the daily subjects of the litigation' has no unique personal knowledge of the facts at issue, a deposition of the official is improper." *Id*. (quoting *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991)). "This is especially so where the information sought in the deposition can be obtained through less intrusive discovery methods (such as interrogatories) or from depositions of lower-level employees with more direct knowledge of the facts at issue." *Id*. Here, Spinal Kinetics offers nothing but its supposition that Orsinger has unique and non-repetitive relevant knowledge that cannot be obtained from other sources. Defendant's motion to compel his deposition therefore is denied.

The denial is without prejudice to defendant to show that other discovery methods, including the depositions of plaintiffs' designated Fed. R. Civ. P. 30(b)(6) witnesses, are inadequate. However, defendant is advised that on any such future application, it must present more than an invitation for this court to rule upon generalities rather than a solid, detailed showing.

C.   Depositions of Witnesses Residing in Switzerland

   1.   Dr. Peter Kaiser

Spinal Kinetics wishes to depose Synthes' Swiss patent prosecution counsel, Dr. Peter Kaiser of Lusuardi, AG. Dr. Kaiser reportedly was involved in the preparation of the PCT application, i.e., the priority application that subsequently issued as the '270 patent in the United States. Generally, this court considers whether the requested deposition will present an inappropriate burden or hardship and whether any relevant, non-privileged information sought outweighs any burden imposed. *See generally Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Plaintiffs argue that Kaiser's deposition can only be allowed where an inequitable conduct claim is asserted (and none is asserted here). They further contend that Kaiser is an inappropriate candidate for deposition. But, despite their stated concerns about the relevance or propriety of depositions of their patent counsel, plaintiffs previously made efforts to arrange for the deposition of Dr. Lusuardi, their other Swiss patent counsel at Lusuardi, AG, who reportedly had primary responsibility for the PCT application. Here, plaintiffs argue that Spinal Kinetics botched Dr. Lusuardi's deposition (for lack of a qualified translator) and now seeks to depose Dr. Kaiser as an improper "do-over." Nevertheless on balance, and having weighed competing legitimate interests and possible prejudice, this court agrees that defendant should have an opportunity to depose Dr. Kaiser—provided that defendant can do so within the time remaining for fact discovery, as discussed more fully below. Accordingly, defendant's motion with respect to Dr. Kaiser's deposition is granted. Defendant shall forthwith submit the

necessary paperwork and shipping materials it says are necessary to obtain Dr. Kaiser's deposition in Switzerland.[1]

2. Robert Mathys, Jr.

Robert Mathys, Jr. reportedly is the former head (now retired) of the RMS Foundation, an entity established by the Mathys family to undertake basic research and product testing. Spinal Kinetics believes he has knowledge and information relevant to the research, development, and presentation of the technology described in the '270 patent, as well as information pertaining to Spinal Kinetics' "printed publication" defense under 35 U.S.C. § 102(b). Plaintiffs do not control this witness. They believe that Mathys' deposition is unlikely to yield any relevant information (or, at least, none that would outweigh the associated burden). Plaintiffs also contend that Spinal Kinetics has already taken the five depositions re the thesis presentation allowed by Judge Whyte. Nevertheless, on balance, and having weighed competing legitimate interests and possible prejudice, this court agrees that Spinal Kinetics should have an opportunity to learn what Mathys may know—again, provided that defendant can complete his deposition within the time remaining for fact discovery. Accordingly, defendant's motion as to Robert Mathys, Jr. is granted  Defendant shall forthwith submit the necessary paperwork and shipping materials it says are necessary to obtain his deposition in Switzerland.

Finally, a word about timing concerns alluded to above. Plaintiffs point out that Spinal Kinetics has known that it wanted Dr. Kaiser's and Robert Mathys, Jr.'s depositions since at least August 2010. (Docket No. 92, Second Joint Case Management Statement at 9-11). Because Spinal Kinetics previously has conducted several depositions abroad in this matter, it presumably knew that securing the Kaiser and Mathys depositions could take up to several months. Yet, for whatever reason, defendant waited until January of this year, some two months shy of fact discovery cutoff, to seek leave to take them. Thus, this court grants defendant's motion to conduct the Kaiser and Mathys depositions on condition that the

---

[1] Although Spinal Kinetics indicates that it has submitted to the court all necessary paperwork and shipping materials for obtaining the requested depositions in Switzerland, this court has received no such documentation.

4

1 depositions should be completed within the time remaining for fact discovery. Moreover,
2 Spinal Kinetics should not be permitted to use the Kaiser and Mathys depositions as a lever to
3 now request that discovery be extended or the trial postponed.

4     SO ORDERED.

5 Dated: March 2, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

5:09-cv-01201-RMW Notice has been electronically mailed to:

Allan William Jansen     ajansen@orrick.com, ajansen@orrick.com, kjohnson@orrick.com, lfulmer@orrick.com

Andre De La Cruz     adelacruz@orrick.com, jdavis@orrick.com

Ehab Monsef Samuel     esamuel@orrick.com

James W. Geriak     jgeriak@orrick.com, lfulmer@orrick.com, ymeneses@orrick.com

Jeffrey Martin Olson     jolson@sidley.com, aprado@sidley.com, ngregg@sidley.com

Kurt Timothy Mulville     kmulville@orrick.com, jdavis@orrick.com

Matthew Spencer Jorgenson     mjorgenson@sidley.com

Monte M.F. Cooper     mcooper@orrick.com, adalton@orrick.com, mortiz@orrick.com

Paul Howard Meier     pmeier@sidley.com

Robert W. Dickerson     rdickerson@orrick.com

Robert William Dickerson     DickersonR@dicksteinshapiro.com, sfischer@orrick.com

Samuel N. Tiu     stiu@sidley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.