*E-FILED 05-13-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SPINAL KINETICS, INC.,<br><br>Defendant.<br>_____/ | No. C09-01201 RMW (HRL)<br><br>**INTERIM ORDER RE DEFENDANT'S MOTION TO COMPEL AN IN CAMERA INSPECTION OF DOCUMENTS** |

Defendant moves for an in camera inspection of nearly 100 documents listed on plaintiffs' privilege logs, contending that plaintiffs have failed to describe the documents in a manner that will allow defendant to properly assess the claimed protection. Plaintiffs believe that their privilege logs are sufficient, but argue that defendant's criticisms apply equally to its own privilege log. As such, they request that this court permit their opposition brief to serve as a cross-motion to compel re defendant's privilege log, notwithstanding that it was filed after the filing deadline for such motions.

On the record presented, the quality of the meet-and-confer on these issues is underwhelming. This court is unpersuaded that plaintiffs were absolutely hampered from timely bringing their own motion as to defendant's privilege log. At the same time, however, there was several months' gap between defendant's initial correspondence on the issue and the

1  subsequent correspondence revisiting the matter less than one month before the fact discovery
2  cutoff.  And, the court cannot fault plaintiffs for seeking to fully meet-and-confer on the issues
3  before seeking judicial intervention.  The record indicates that the parties did not hold a phone
4  conference  until the March 18, 2011 deadline for filing motions to compel.  Plaintiffs believe
5  that the conference was lackluster and that defendant is to blame; defendant claims that the prior
6  written correspondence satisfied its meet-and-confer obligations.  "The mere sending of a
7  written, electronic, or voice-mail communication, however, does not satisfy a requirement to
8  'meet and confer' or to 'confer.'  Rather, this requirement can be satisfied only through direct
9  dialogue and discussion—either in a face to face meeting or in a telephone conversation."  CIV.
10 L.R. 1-5(n).  Moreover, at a minimum, good faith requires that the meet-and-confer be
11 conducted by an attorney with knowledge about the issues.

12     Accordingly, the May 17, 2011 motion hearing as to defendant's motion for an *in*
13 *camera* review is vacated, and this court orders as follows:

14     Within the next 14 days, the parties' attorneys shall meet and confer <u>in person, face-to-
15 face</u> about the matters concerning each side's respective privilege logs.  <u>The meet-and-confer
16 shall be attended by lead counsel for each side</u>.  If lead counsel are not the most familiar with
17 the issues to be discussed, then the attorney(s) who are most knowledgeable shall <u>also</u> attend the
18 meeting.  If, after 14 days all of the issues have not been resolved, then no later than **June 3,**
19 **2011**, the parties shall file a joint status report, not to exceed 7 pages, identifying the issues (if
20 any) that remain in dispute and stating the parties' respective positions as to each one.  Upon
21 review of that status report, the court will decide whether it will hold a hearing and will provide
22 notice to the parties accordingly.

23     SO ORDERED.
24 Dated:   May 13, 2011

26     HOWARD R. LLOYD
        UNITED STATES MAGISTRATE JUDGE

5:09-cv-01201-RMW Notice has been electronically mailed to:

Allan William Jansen     jansena@dicksteinshapiro.com, johnsonk@dicksteinshapiro.com, OCLitigationDocketing@dicksteinshapiro.com

Andre De La Cruz     adelacruz@orrick.com, jdavis@orrick.com

Daniel E. Gustafson     dgustafson@gustafsongluek.com, sdensmore@gustafsongluek.com

Ehab Monsef Samuel     samuele@dicksteinshapiro.com, fulmerl@dicksteinshapiro.com, OC_Litigation_Docketing@dicksteinshapiro.com

James W. Geriak     geriakj@dicksteinshapiro.com, fulmerl@dicksteinshapiro.com, menesesy@dicksteinshapiro.com, OC_Litigation_Docketing@dicksteinshapiro.com

Jeffrey Martin Olson     jolson@sidley.com, aprado@sidley.com, ngregg@sidley.com

Kurt Timothy Mulville     kmulville@orrick.com, jdavis@orrick.com

Matthew Spencer Jorgenson     mjorgenson@sidley.com

Monte M.F. Cooper     mcooper@orrick.com, adalton@orrick.com, mortiz@orrick.com

Paul Howard Meier     mgutierrez@sidley.com

Robert W. Dickerson     rdickerson@orrick.com

Robert William Dickerson     DickersonR@dicksteinshapiro.com, murphyp@dicksteinshapiro.com

Samuel N. Tiu     stiu@sidley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.