*E-FILED 09-12-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPINAL KINETICS, INC., <br><br> Defendant. | No. C09-01201 RMW (HRL) <br><br> **CONDITIONAL ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER DEPOSITION OF GIUSEPPE MOLARO** <br><br> **[Re: Docket No. 183]** |

Attorney Giuseppe Molaro reportedly no longer works on legal matters for plaintiffs Synthes USA, LLC, Synthes USA Sales LLC, and Synthes, Inc. (collectively, Synthes).[1] He did, however, previously prosecute patents for Synthes, including the patent-in-suit, U.S. Patent No. 7,429,270 ('270 patent). Synthes claims that its communications with Molaro re patent prosecution are privileged and, further, that Molaro's work in connection with the '270 patent prosecution is protected by the attorney work product doctrine. Defendant Spinal Kinetics, Inc. (Spinal Kinetics) deposed Molaro and moves for an additional day of deposition. According to Spinal Kinetics, Synthes improperly instructed Molaro not to answer foundational questions which sought to determine whether any privileged communications exist, as well as the basis for the claimed work product protection. Synthes opposes the motion. Upon consideration of

---

[1] This court is informed that Synthes, Inc. and Synthes USA Sales LLC recently have been dismissed for lack of standing.

1  the moving and responding papers, as well as the arguments of counsel, this court conditionally
2  grants the motion in part and denies it in part.

3  There appears to be no dispute that the attorney-client privilege may apply to
4  communications between a lawyer and his client generated in connection with patent
5  prosecution. See Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc., 144 F.R.D. 372, 374
6  (N.D. Cal. 1992) ("[T]he view once held by several courts that the attorney-client privilege
7  cannot attach to communications or documents generated in connection with proceedings before
8  the PTO has been rejected."). Synthes produced a privilege log listing "confidential
9  communications" between specified individuals at Synthes and at Molaro's firm who
10 communicated about "patent prosecution." (See Docket 182, Exs. 7-8). Spinal Kinetics argues
11 that it is entitled to probe the parameters of the privilege. Synthes disagrees and contends that
12 defendant is not entitled to know, even at a high level of generality, what documents or other
13 information were discussed. On the record presented, this court finds that Synthes was
14 overzealous in instructing Molaro not to answer certain questions. Indeed, Synthes takes the
15 position that even identifying matters that were not discussed between client and attorney (i.e.,
16 matters that cannot, by definition, be privileged) would necessarily reveal the substance of
17 matters that were discussed in privileged communications. However, under the circumstances
18 presented here, it seems that the most that would be revealed is that communications about
19 documents or subjects occurred. Additionally, Molaro should have been permitted to answer
20 whether or not his understanding of claim terms is based on his own experience, as opposed to
21 instructions or information from Synthes.

22 As for the attorney work product doctrine, Synthes says that it has been established that
23 litigation (i.e., the instant action) was anticipated by the time the '270 patent was being
24 prosecuted. Defendant disagrees and argues that it is entitled to probe plaintiff's assertion of
25 the work product protection. On the record presented, questions seeking the basis for the
26 assertion of the work product doctrine—i.e., questions asking Molaro *when* litigation was
27 anticipated—are permissible.
28

2

Synthes' request for an *in camera* review of materials as to the basis for its assertion of the work product doctrine is denied. Although Synthes balked at having Molaro testify about foundational matters in deposition, plaintiff apparently had no qualms about supplying the claimed factual basis for the work product doctrine in its publicly filed opposition papers.

At the same time, however, and notwithstanding defendant's assertions as to its noninfringement arguments Judge Whyte rejected on summary judgment, Spinal Kinetics has not managed to persuade that Molaro is a critical witness as to any claim or defense in this matter. Moreover, claim construction proceedings closed and the deadline to amend pleadings passed long before Molaro was deposed.

Accordingly, defendant's motion to compel is conditionally granted in part and denied in part as follows:   Defendant may depose Molaro for one additional hour to have Molaro (1) confirm ("yes" or "no") whether attorney-client privileged communications exist as to topics or documents generally (if he knows); (2) identify when litigation was anticipated (if he knows); and (3) confirm whether his understanding of claim terms is based on his own experience or upon information or instructions communicated by Synthes. This order is, however, conditioned on the presiding judge's determination that the period for fact discovery should be re-opened to permit defendant to conduct an additional limited examination of Molaro.

SO ORDERED.

Dated: September 12, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:09-cv-01201-RMW Notice has been electronically mailed to:

2  Allan William Jansen     jansena@dicksteinshapiro.com, johnsonk@dicksteinshapiro.com, OCLitigationDocketing@dicksteinshapiro.com

3  Daniel E. Gustafson     dgustafson@gustafsongluek.com, dnoss@gustafsongluek.com

4  Ehab Monsef Samuel     samuele@dicksteinshapiro.com, fulmerl@dicksteinshapiro.com, OC_Litigation_Docketing@dicksteinshapiro.com

5  James W. Geriak     geriakj@dicksteinshapiro.com, fulmerl@dicksteinshapiro.com, menesesy@dicksteinshapiro.com, OC_Litigation_Docketing@dicksteinshapiro.com

6  Jeffrey Martin Olson     jolson@sidley.com, aprado@sidley.com, ngregg@sidley.com

7  Mark Stirrat     stirratm@dicksteinshapiro.com, johnsonk@dicksteinshapiro.com

8  Matthew Spencer Jorgenson     mjorgenson@sidley.com

9  Monte M.F. Cooper     mcooper@orrick.com, adalton@orrick.com, mortiz@orrick.com

10  Paul Howard Meier     pmeier@sidley.com, mgutierrez@sidley.com

11  Robert W. Dickerson     rdickerson@orrick.com

12  Robert William Dickerson     DickersonR@dicksteinshapiro.com, bossd@dicksteinshapiro.com

13  Samuel N. Tiu     stiu@sidley.com

14  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California

4