**E-FILED on** 10/11/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPINAL KINETICS, INC., <br><br> Defendant. | No. C-09-01201 RMW <br><br> ORDER REQUIRING RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* FILED OCTOBER 3, 2011 <br><br> **[Re Docket No. 402]** |

    Synthes has filed an *in limine* motion to preclude Spinal Kinetics from relying on the three allegedly anticipating references and the ten purported obviousness combinations identified by Spinal Kinetics on September 26, 2011 in response to the court's pre-trial order requiring a list of such prior art references. Synthes submits that Spinal Kinetics has disclosed neither an expert nor a lay witness who can testify that the references cited alone or in combination anticipate the claims-at-issue of the '270 patent or render them obvious. The motion is late as the deadline for filing dispositive motions and *in limine* motions have both passed. Therefore, the court does not intend to summarily adjudicate whether Spinal Kinetics has sufficient evidence to raise a triable issue of fact with respect to its anticipation or obviousness defenses. However, the trial will run more efficiently,

1  and presumably it will be in the parties' best interests, if the issue of who can testify on these
2  defenses is resolved prior to trial.

3        Spinal Kinetics' response to Synthes' current motion should explain how Spinal Kinetics has
4  met, or should be relieved from, the disclosure requirements for each witness it intends to offer on
5  the anticipation and obviousness defenses.  A party is required to disclose the identity of any witness
6  it may use at trial to present evidence under F.R.E. 702, 703 or 705.  Fed.R.Civ.P. 26(a)(2)(A).
7  Unless otherwise ordered by the court, the disclosure must be accompanied by a report if the witness
8  is one retained or specifically employed to give expert testimony.  Fed.R.Civ.P. 26(a)(2)(B).  If the
9  witness is not required to provide a written report, a summary of the facts and opinions to which the
10 witness is expected to testify must be provided.  Fed.R.Civ.P. 26 (a)(2)(C).  A witness who is
11 technically knowledgeable but not disclosed as an expert may testify, if otherwise properly disclosed
12 as a witness, on what he or she personally did or observed (i.e. percipient testimony).  *See Goodman*
13 *v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (holding that a treating
14 physician does not need to file a written report required for expert testimony to the extent that he
15 testifies about treatment and his opinions were formed during the course of treatment).  For example,
16 an inventor can explain how he or she developed the claimed invention or accused product but
17 cannot express an opinion on how one skilled in the art would interpret language in a claim or
18 whether a particular feature in an accused product or a prior art reference met a limitation of a claim.
19 *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1375 (Fed. Cir. 2008)(fact that inventor of
20 prior art patent was not receiving compensation for his scientific testimony on obviousness issue did
21 not exempt competitor from furnishing report for that de facto expert, since inventor's testimony was
22 specialized); *See also Goodman*, 512 F.3d at 826.

23       Spinal Kinetics should file its response to Synthes' motion by October 28, 2011.

25 DATED: 10/11/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge