*E-FILED on  11/14/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)); SYNTHES USA SALES, LLC; and SYNTHES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPINAL KINETICS, INC., <br><br> Defendant. | No. C-09-01201 RMW <br><br> ORDERS ON ADDITIONAL *IN LIMINE* MOTION AND EVIDENTIARY OBJECTIONS |

I

Spinal Kinetics objects to Synthes' intent to offer evidence that the claim limitations "'substantially cylindrical' flexible core" and "fiber system" are met under the doctrine of equivalents. Spinal Kinetics argues that the doctrine of equivalents is not available because the limitations were added to overcome prior art references and, therefore, use of the doctrine is precluded by prosecution history estoppel.  On January 31, 2011 the court denied Spinal Kinetics' motion for summary judgment on the "substantially cylindrical core" limitation including on Spinal Kinetics' claim that the Synthes was barred from invoking the doctrine of equivalents on the basis of prosecution history estoppel.  The court finds no reason to reconsider its ruling and, therefore

1 overrules Spinal Kinetics' objection to Synthes' assertion that the "substantially cylindrical core"
2 limitation can be met under the doctrine of equivalents.

3     Spinal Kinetics' argument that Synthes cannot meet the "fiber system" limitation by taking
4 advantage of the doctrine of equivalents because its use is barred by prosecution history estoppel
5 should have been raised as a dispositive motion and not at this late date as a motion *in limine*.
6 Synthes first indicated that it asserted the doctrine of equivalents with respect to aspects of the fiber
7 system when it filed its amended infringement contentions on July 16, 2010. On January 6, 2011
8 Spinal Kinetics stated in part in an answer to an interrogatory asking whether Spinal Kinetics
9 intended to assert any defenses besides non-infringement or invalidity that Synthes "made
10 statements, representations, and took other actions during the prosecution of the application of the
11 '270 patent . . that prevent Synthes from any resort to the Doctrine of Equivalents . . . ."  This
12 response is marginal at best in preserving the defense. However, Synthes apparently never asked to
13 what specifically Spinal Kinetics was referring. Spinal Kinetics also argues that its experts took the
14 position that prosecution history estoppel applies and that Synthes' patent law expert acknowledged
15 that it did.

16     The application of prosecution history estoppel is a legal question to be decided by the court.
17 The court finds that it needs to have a better understanding of the technology to reach a sound
18 conclusion on whether Synthes narrowed its description of the fiber system for patentability
19 purposes. Therefore, the court is deferring a ruling pending a better understanding of the
20 technology. The court does not find that Spinal Kinetics' failure to more clearly raise prosecution
21 history estoppel with respect to the fiber system bars its assertion. However, given the last minute
22 objection which is in effect a dispositive partial summary judgment motion, Synthes is not precluded
23 from a presenting and arguing the technological facts supporting equivalence of the element in the
24 accused devices to the corresponding limitation in the claims. Spinal Kinetics can respond by
25 arguing the lack of equivalence. The question of whether Synthes can prove that the accused
26 devices are covered by the limitations of the claims is, of course, generally a factual question.

II

On November 8, 2011 Synthes USA advised that it intended to object to any evidence offered by Spinal Kinetics on non-infringement defenses not set forth in Spinal Kinetics' response filed on August 3, 2009 to interrogatory no. 5 of Synthes' first set of interrogatories served on June 19, 2009. That interrogatory reads:

> State in detail the complete factual and legal basis for Spinal Kinetics' allegation in paragraph 13 of its counterclaims that it has not infringed and is not infringing any claims of the '270 patent directly, indirectly, willfully, or otherwise," and identify each document that individually or in combination forms the basis for this allegation, and all individuals knowledgeable regarding the basis for this allegation.

Spinal Kinetics does not deny that some of the non-infringement defenses it intends to assert are not set forth in its response interrogatory 5 but submits that the response was made early in the case and that Synthes is fully aware of all the non-infringement defenses Spinal Kinetics intends to assert. Spinal Kinetics further argues that the factual and legal bases for its defenses have been fully addressed by both parties' experts and that Synthes will not be unfairly prejudiced by allowing the defenses to be presented at trial. The court ordered that Spinal Kinetics file by the end of November 10, 2011 a list of each non-infringement position it intends to assert at trial and reference where the support for those defenses was addressed by the experts.

There is no question that Spinal Kinetics had an obligation to supplement its response to interrogatory 5 and failed to do so. *See* Fed.R.Civ.P. 26(e). However, the court has gone through the list submitted by Spinal Kinetics of its non-infringement defenses and the references to them in the expert reports of both parties (except for certain pages of Exhibit G which it could not locate). The court is satisfied that Spinal Kinetics' non-infringement defenses have been disclosed and addressed by both parties' experts except for the doctrine of equivalents and the application of prosecution history estoppel with respect to the fiber system. Precluding Spinal Kinetics from presenting its defenses based upon its failure to supplement its interrogatory answer would be far too harsh a sanction for a failure that has not prejudiced Synthes.

III

On October 3, 2011 Synthes USA filed a Motion to Preclude Spinal Kinetics from Relying on the Three Purported Anticipation References and Ten Purported Obvious Combinations

1  identified by Spinal Kinetics in its September 26, 2011 filing.  In other words, Synthes "submits that
2  Spinal Kinetics should be precluded from arguing anticipation or obviousness at trial." Pltf.'s Mot.
3  at 3:4-5. The court finds Synthes' motion to preclude Spinal Kinetics from arguing its defenses to be
4  a late motion for partial summary judgment.  However, as to evidentiary objections to specific items
5  of evidence or testimony, the court will rule to the extent it can based upon what has been presented.
6  However, some of Synthes' objections go more to a question of failure of proof as opposed to an
7  issue of admissibility.  Further, some objections appear more appropriately handled when it is clear
8  what Spinal Kinetics seeks to offer from Dr. Baumgartner's deposition and from Dr. Lee.

9  Synthes points out that Dr. Lee did not testify concerning the Baumgartner/Burri Thesis and
10 thus should not be allowed to testify concerning it at trial.  Spinal Kinetics is not offering testimony
11 from Dr. Lee on the Baumgartner/Burri Thesis so the issue is moot.

12 Synthes also argues that testimony from Dr. Baumgartner as to whether the Thesis contains
13 certain elements covered by the limitations of the '270 patent was improper because Dr.
14 Baumgartner was asked whether the device described in the Thesis had a particular claim element as
15 opposed to the proper question of whether the Thesis would have *disclosed to one skilled in the art*
16 every limitation of the claim.  Dr. Baumgartner was also deposed prior to the court's claim
17 construction and, therefore, even if a proper foundation had been laid for his testimony, it, according
18 to Synthes, would not be relevant because the court's construction of the terms had to be used.
19 Synthes' objections appear to have at least some technical merit.  However, since Spinal Kinetic's
20 designation of what it intends to offer from Dr. Baumgartner's has not yet been offered to the court,
21 no ruling can be made at this time as to the admissibility of any portion of his testimony.  Further,
22 the court is not prepared to hold at this time that Spinal Kinetics' evidence of anticipation by the
23 Baumgartner/Burri Thesis is legally insufficient.

24 Synthes complains that Dr. Lee's opinions depart significantly from Spinal Kinetics' Second
25 Amended Invalidity Contentions and Spinal Kinetics has never requested leave to amend its
26 invalidity contentions and, therefore, Dr. Lee's testimony should be precluded.  The court finds that
27 Synthes is sufficiently aware of Dr. Lee's opinions and Spinal Kinetics' defenses such that Synthes
28

ORDERS ON ADDITIONAL *IN LIMINE* MOTION AND EVIDENTIARY OBJECTIONS
No. 09-C-01201                                           4

will not be prejudiced by allowing the testimony. This ruling does not preclude Synthes from objecting to questions to Dr. Lee that are otherwise improper.

Synthes complains that Dr. Lee ignores the court's claim constructions and, thus, Dr. Lee never compares the alleged prior art references to the properly construed claim limitations. The proper comparison is between the elements in the accused devices and the limitations of '270 patent as construed by the court. Dr. Lee cannot ignore the limitations of the asserted claims. Dr. Lee cannot testify as to "concepts" in the '270 patent unless he explains "concepts" as meaning an element meeting a particular limitation as construed by the court.

Synthes further complains that Dr. Lee does not identify any of the ten obviousness combinations that are found in Spinal Kinetics' September 26, 2011 filing, ignores the Graham factors and never provides any reason why one skilled in the art would make any of the ten obviousness combinations, or even that such combinations would be possible. These objections go more to the question of whether Dr. Lee's testimony is sufficient to sustain an obviousness defense. Dr. Lee is limited to expressing opinions as disclosed in his report and chart. He cannot offer combinations that he has not previously identified or add reasons as to why one skilled in the art would combine particular references.

DATED: 11/14/11

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

*Copy of Order E-Filed to Counsel of Record on 11/14/11:*

ORDERS ON ADDITIONAL *IN LIMINE* MOTION AND EVIDENTIARY OBJECTIONS
No. 09-C-01201        6