IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNTHES (USA),

    Plaintiff,

    v.

SPINAL KINETICS,

    Defendant.

*E-FILED*

CASE NO. C-09-01201-RMW

**VERDICT FORM**

# VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as the verdict in this case:

## I. Findings on Infringement

*(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)*

**Question No. 1 (Infringement):**

Has Synthes USA proven that it is more likely than not that Spinal Kinetic's M-6 devices include all of the requirements of each claim of the '270 patent asserted by Synthes USA? *Put an X in the applicable boxes in the Table below.*

|  | M6 Cervical Device || M6 Lumbar Device ||
|---|---|---|---|---|
|  | Yes | No | Yes | No |
| Claim 29 |  | 9 |  | 9 |
| Claim 30 |  | 9 |  | 9 |
| Claim 31 |  | 9 |  | 9 |

## II. Findings on Invalidity Defenses

*(The questions regarding the validity or invalidity of the patent should be answered regardless of your findings with respect to infringement.)*

**Question No. 2 (Written Description Defense):**

Has Spinal Kinetics proven by clear and convincing evidence that the specification of the '270 patent does not contain an adequate written description supporting independent claim 29 of the '270 patent? *Put an X by your answer.*

Yes __X__          No _____

**Question No. 3 (Best Mode Defense):**

a. Has Spinal Kinetics proven by clear and convincing evidence that any of the inventors believed at the time the patent application was first filed that there was a best way to carry out the invention described in independent claim 29 of the '270 patent? *Put an X by your answer.*

Yes _____        No __X__

*If the answer to Question 3a is "yes", answer question 3b. If the answer to question 3a is "no," do not answer question 3b and go to Question No. 4.*

b. Has Spinal Kinetics proven by clear and convincing evidence that the patent specification and drawings fail to disclose that best way? *Put an X by your answer.*

Yes _____        No _____

**Question No. 4 (Anticipation Defense):** Spinal Kinetics contends that the Baumgartner/Burri thesis and the Baumgartner/Burri presentation are each a "printed publication" that "anticipated" the '270 patent.

a. Has Spinal Kinetics proven by clear and convincing evidence that the Baumgartner/Burri thesis or the Baumgartner/Burri presentation was a "printed publication"? *Put an X by your answers.*

| Baumgartner/Burri thesis | Yes _____ | No __X__ |
|---|---|---|
| Baumgartner/Burri presentation | Yes _____ | No __X__ |

*If your answer to either or both questions is "yes," answer 4b. If the answer is "no" to both, do not answer question 4b and go to Question No. 5.*

b. Has Spinal Kinetics proven by clear and convincing evidence that either the Baumgartner/Burri thesis or the Baumgartner/Burri presentation described all of the requirements of independent claim 29 of the '270 patent? *Put an X by your answers. If you found that only one of the two was a printed publication, leave the box for the other blank.*

| Baumgartner/Burri thesis | Yes _____ | No _____ |
|---|---|---|
| Baumgartner/Burri presentation | Yes _____ | No _____ |

**Preliminary Questions to Question No. 5 (Obviousness Defense):** In order to properly reach a conclusion on the obviousness defense, the following preliminary questions must be answered.

a. Did Spinal Kinetics prove the level of ordinary skill in the field that someone would have had at the time the claimed invention was made? *Put an X by your answer.*

Yes __X__        No _____

2

(DX 179) b. Did Spinal Kinetics prove by clear and convincing evidence that the Stubstad patent ~~(PX 216)~~ and the W. Baumgartner patent ~~(DX 179)~~ were in the scope and content of the prior art? *Put an X by your answer.* (PX 216)

        Yes __X__        No _____

    c. Did Spinal Kinetics prove by clear and convincing evidence the differences that do and do not exist between the claimed invention and the scope and content of the Stubstad patent and the W. Baumgartner patent and the combination of them? *Put an X by your answer.*

        Yes __X__        No _____

    d. Which of the following secondary considerations tending to suggest nonobviousness of the claimed invention was established by the evidence? *Put a check by any factor that has been established.*

    _____ commercial success of a product due to the merits of the claimed invention

    __X__ unsuccessful attempts by others to find the solution that is provided by the claimed invention

    _____ acceptance by others of the claimed invention as shown by praise from others in the field

    __X__ a long felt need for the solution offered by the claimed invention

    e. Was the following secondary consideration tending to suggest obviousness of the claimed invention been established by the evidence? *Put a check by the factor if you find that it has been established.*

    __X__ independent invention of the claimed invention by others before or at about the same time as the named inventors thought of it

    **Question No. 5 (Obviousness Defense):** After consideration of the evidence supporting your answers to the preliminary questions above and the jury instructions on the obviousness defense, do you find that Spinal Kinetics proved by clear and convincing evidence that one or more of the claims of the '270 patent would have been obvious to a person of ordinary skill in the field at the time the patent application was filed? *Fill in your answers in the table below.*

| | | |
|---|---|---|
| Claim 29 | Yes _____ | No __9__ |
| Claim 30 | Yes _____ | No __9__ |
| Claim 31 | Yes _____ | No __9__ |

    *If you answered "yes" to one or more claims in Question 1 and "no" to Question 2, "no" to all of 3a or to 3b, "no" to all of 4a or to 4b, and "no" to at least one of the three claims in Final Question No. 5, answer Question No. 6. If you did not so answer, do not answer Question No. 6 and proceed to Section IV.*

3

### III. Findings on Damages (If Applicable)

**Question No. 6 (Damages):**

a. For the infringing sales of M6 cervical devices made by Spinal Kinetics, what amount, if any, has Synthes USA proved that it is entitled to as royalty on the revenue realized by Spinal Kinetics on sales of M6 cervical devices made from September 30, 2008 through December 31, 2010. *Fill in the blanks for the determination you have made.*

Alternative 1

_____ % of the revenue of $ _____ for a total royalty award on the sales of M6 cervical devices of $ _____.

Alternative 2

The amount of $ _____ on each infringing sale multiplied by _____ (the total number of M6 cervical devices sold) for a total royalty award on sales of M6 cervical devices of $ _____.

b. For the infringing sales of M6 lumbar devices made by Spinal Kinetics, what amount, if any, has Synthes USA proved that it is entitled to as royalty on the revenue realized by Spinal Kinetics on sales of M6 lumbar devices made from September 30, 2008 through December 31, 2010. *Fill in the blanks for the determination you have made.*

Alternative 1

_____ % of the revenue of $ _____ for a total royalty award on the sales of M6 lumbar devices of $ _____.

Alternative 2

The amount of $ _____ on each infringing sale multiplied by _____ (the total number of M6 lumbar devices sold) for a total royalty award on sales of M6 lumbar devices of $ _____.

c. Synthes USA is entitled to total damages in the amount of $ _____ (total of a and b)

### IV. Finalizing Verdict Form

*You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.*

Dated: 12/13/11

_EM Griffith_
Presiding Juror