James W. Geriak (State Bar No. 32,871)
*geriakj@dicksteinshapiro.com*
Allan W. Jansen (State Bar No. 81,992)
*jansena@dicksteinshapiro.com*
Charles A. Kertell (State Bar No. 181,214)
*kertellc@dicksteinshapiro.com*
Mark Stirrat (State Bar No. 229,448)
*stirratm@dicksteinshapiro.com*
Ehab M. Samuel (State Bar No. 228,296)
*samuele@dicksteinshapiro.com*
DICKSTEIN SHAPIRO LLP
2 Park Plaza, Suite 900
Irvine, CA  92614-8561
Telephone:  (949) 623-7880
Facsimile:  (949) 623-7881

Robert W. Dickerson (State Bar No. 89,367)
*dickersonr@dicksteinshapiro.com*
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
Telephone:  (310) 772-8300
Facsimile:  (310) 772-8317

Attorneys for Defendant
SPINAL KINETICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)),<br><br>Plaintiff,<br><br>v.<br><br>SPINAL KINETICS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:09-CV-01201 RMW<br><br>**SPINAL KINETICS, INC.'S SUBMISSION OF AUTHORITIES RE: WRITTEN DESCRIPTION INVALIDITY BASED SOLELY ON THE LANGUAGE OF THE PATENT SPECIFICATION**<br><br>Hon. Ronald M. Whyte |

DOCSLA-97936v1

SK'S SUBMISSION OF AUTHORITIES RE:  WRITTEN
DESCRIPTION INVALIDITY BASED SOLELY ON THE
LANGUAGE OF THE PATENT SPECIFICATION
CASE NO. 5:09-CV-01201 RMW

## I. INTRODUCTION

Spinal Kinetics, Inc. ("Spinal Kinetics") provides this submission in view of the Court's inquiry at the hearing of July 13, 2012 on whether "the patent itself is sufficient evidence of a written description deficiency[?]" Tr. 3:6-5:7. At that time, Spinal Kinetics advised the Court that it is unnecessary to have an expert opinion if it is plain from the patent claim and specification that there is no written description support. *Id.* Herewith, Spinal Kinetics provides the Court with Federal Circuit and Northern District of California authority on this issue.

## II. DISCUSSION

The Federal Circuit has repeatedly emphasized that "a patent can be held invalid for failure to meet the written description requirement, <u>based solely</u> on the language of the patent specification." *Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 927 (Fed. Cir. 2004) (rejecting the patentee's argument that a patent may not be held invalid on its face) (emphasis added); *see also Centocor Ortho Biotech, Inc. v. Abbott Labs.*, 636 F.3d 1341, 1347 (Fed. Cir. 2011) ("[a] patent also can be held invalid for failure to meet the written description requirement <u>based solely</u> on the face of the patent specification") (quoting *Univ. of Rochester*, 358 F.3d at 927 with approval). (emphasis added). Further, the Federal Circuit explained that "there is no strict requirement for extrinsic evidence (expert or otherwise) as to how one of ordinary skill in the art would view the application" and that, to the contrary, "a patent can be held invalid for failure to meet the written description requirement, based solely on the language of the patent specification." *Adang v. Umbeck*, 2007 WL 3120323, * 2 (Fed. Cir. 2007) (quoting *Univ. of Rochester*, 358 F.3d at 927 with approval).

Indeed, even when a patentee has presented expert testimony to the contrary, the Federal Circuit has relied solely on the patent specification to invalidate a patent based on a lack of written description support. *See, e.g., Anascape, Ltd. v. Nintendo of Am., Inc.*, 601 F.3d 1333, 1339 (Fed. Cir. 2010) (finding an expert's conclusion "cannot override the objective content" of the patent specification at issue); *see also In re Curtis*, 354 F.3d 1347, 1353-54 (Fed. Cir. 2004) (emphasizing that declarations showing that the inventors possessed a later-claimed genus were insufficient to overcome the substantial intrinsic evidence in the patent application and

prosecution history); *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. General Elec. Co.*, 264 F.3d 1111, 1119 (Fed. Cir. 2001) (concluding based solely on language of the patent specification that no reasonable jury could find written description requirement was satisfied).

This District has consistently followed the Federal Circuit precedent on this issue. *See Trans Video Elecs. Ltd. v. Sony Elecs., Inc.*, 822 F.Supp.2d 1020, 1025-28 (N.D. Cal. 2011) (quoting *Univ. of Rochester*, 358 F.3d at 927 for the proposition of relying solely on the specification to invalidate for failure to meet the written description requirement and holding the patent-in-suit invalid for lack of written description support even in the face of patentee's expert testimony); *see also Conceptus, Inc. v. Hologic, Inc.*, 771 F.Supp.2d 1164, 1178 (N.D. Cal. 2010) (quoting *Univ. of Rochester*, 358 F.3d at 927 for the same proposition above).

This District has also flatly rejected a patentee's argument (as made by Synthes) that expert testimony is necessary to support a written description defense and emphasized that if the specification was "wholly silent as to [the claim limitation] codon 74, no expert testimony would be necessary to establish that the application does not sufficiently describe an invention involving codon 74." *The Board of Trustees of the Leland Stanford Junior Univ. v. Visible Genetics, Inc.*, 2002 WL 31119949, *4 (N.D. Cal. 2002) (quoting *TurboCare*, 264 F.3d at 1119 for the proposition of relying solely on the specification to prove lack of written description support and concluding that the specification failed to meet the written description requirement); *accord Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 2007 U.S. Dist. LEXIS 98392, *27-32 (C.D. Cal. 2007) (quoting *Univ. of Rochester*, 358 F.3d at 927 and *The Board of Trustees*, 2002 WL 31119949 and rejecting patentee's argument that defendant must present expert testimony to carry its burden by clear and convincing evidence of invalidity).

Contrary to Synthes' assertion at the hearing (Tr. 20:23-21:5), no expert testimony is necessary to establish that "plurality of openings," "substantially cylindrical," "substantially rigid" and "flexible core" limitations are unsupported by the patent disclosure. *See supra*. Nor do the cases that Synthes referred to at the hearing support that proposition. Rather, in *Capon v. Eshhar*, 418 F.3d 1349 (Fed. Cir. 2005) and *Bilstad v. Wakalopulos*, 386 F.3d 1116 (Fed. Cir. 2004), both opinions vacated and remanded the decision of the Board of Patent Appeals &

1  Interferences ("the Board"), because the Board misconstrued Federal Circuit precedent and
2  required every permutation of a genus or generic claim limitation to be disclosed, a position never
3  taken by Spinal Kinetics.  *Capon*, 418 F.3d at 1355-1360 (the Board erred because it insisted that
4  the complete nucleotide sequence must be disclosed to support the claims); *Bilstad*, 386 F.3d at
5  1123-25 (the Board erred because it unreasonably insisted that the application "must describe
6  every embodiment within the range of two to infinity" to support the term "plurality").  Neither
7  case overrules the Federal Circuit precedent that "a patent can be held invalid for failure to meet
8  the written description requirement, <u>based solely</u> on the language of the patent specification."
9  *Univ. of Rochester*, 358 F.3d at 927; endorsed recently in *Centocor*, 636 F.3d 1341, 1347 (Fed.
10 Cir. 2011).

11       To overturn the jury verdict of invalidity for lack of written description, Synthes must
12 show that there is no substantial evidence to support that verdict.  This it cannot do because the
13 jury, after being instructed to apply the clear and convincing standard, found in favor of Spinal
14 Kinetics.  This evidence included the patent itself as authorized under Federal Circuit authority.
15 Despite the fact that the governing authority does not require expert testimony to prove lack of
16 written description support, and the specification is wholly silent as to the claim limitations at
17 issue, Spinal Kinetics has presented expert testimony of Dr. Levenston and Dr. Lee on the lack of
18 written description to the "substantially cylindrical" and "plurality of openings" limitations,
19 respectively.  Further, Mr. Koske testified on the design history of the M6, which supports a
20 finding of unpredictability in the field.  We recall for the Court that Koske's testimony recounted
21 the difficult design process involving lengthy trial and error which occurred after Spinal Kinetics
22 found that peripheral grooves were unworkable and engaged in experimentation which resulted in
23 the adoption of internal slots.  Similarly, with regard to "substantially cylindrical," Dr. Levenston
24 provided expert testimony that evidences that this limitation was not adequately supported by the
25 written description.

26       This substantial evidence supports the jury's verdict of invalidity of the '270 patent for
27 lack of written description support with regard to the "plurality of openings" and "substantially
28 cylindrical" limitations.

Moreover, given that the patent specification is wholly silent on the "flexible core" limitation, and devoid of any description of thickness to support the "substantially rigid" limitation, the jury is entitled to base their verdict of invalidity with regard to these two limitations on the patent itself without the need to rely on any expert testimony. *See e.g. Univ. of Rochester*, 358 F.3d at 927; *The Board of Trustees*, 2002 WL 31119949, *4.

### III. CONCLUSION

For the reasons stated above, Spinal Kinetics respectfully submits that it is proper to determine whether there is a lack of written description support based solely on the specification of the '270 Patent, and given that the patent specification is wholly silent on the claim limitations-at-issue, Federal Circuit precedent supports the jury's finding of invalidity for failure to meet the written description requirement.

Dated: August 2, 2012

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By: /s/ *Ehab M. Samuel*
Ehab M. Samuel

Attorneys for Defendant
SPINAL KINETICS, INC.