SIDLEY AUSTIN LLP
JEFFREY M. OLSON (SBN 104074) jolson@sidley.com
PAUL H. MEIER (SBN 115999) pmeier@sidley.com
SAMUEL N. TIU (SBN 216291) stiu@sidley.com
MATTHEW S. JORGENSON (SBN 229131) mjorgenson@sidley.com
555 W. Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000 phone
(213) 896-6600 fax

Attorneys for Plaintiff
SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.))

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.)) <br><br> Plaintiff, <br><br> v. <br><br> SPINAL KINETICS, INC. <br><br> Defendant. | Case No. C-09-01201-RMW (HRL) <br><br> **SYNTHES' RESPONSE TO SPINAL KINETICS, INC.'S SUPPLEMENTAL WRITTEN DESCRIPTION ARGUMENTS AND AUTHORITIES** <br><br> Hon. Ronald M. Whyte |

## I.  INTRODUCTION

Synthes USA, LLC ("Synthes") hereby responds to the "Submission of Authorities" submitted by Spinal Kinetics, Inc. ("SK") relating to its written description defenses. Dkt. 569.[1] SK fails to cite a single case which holds that where a factual dispute exists as to the sufficiency of the disclosure, the trial testimony of one skilled in the art is **not** required to meet the clear and convincing standard of proof for a written description invalidity defense. Rather, because a written description defense depends on the knowledge and understanding of one skilled in the art, expert testimony is essential for a finding that a sufficiently complex patent is invalid by clear and convincing evidence. In addition, SK's conclusory arguments that it presented "substantial evidence" on each of its written description defenses should be ignored because they are untimely, repetitious, and unsupported with record citations.

## II.  DISCUSSION

### A.  To Establish Invalidity For Lack Of Written Description At Trial, SK Was Required To Present Expert Testimony On The Knowledge and Understanding Of One Skilled In The Art In View Of The Teachings Of The '270 Patent

When there is no issue of disputed fact, unquestionably a court can grant summary judgment of invalidity for lack of written description, just as it can also grant summary judgment of no invalidity. Compare Univ. of Rochester v. G.D. Searle & Co., Inc., 358 F.3d 916 (Fed. Cir. 2004) (affirming summary judgment of written description invalidity[2]) with Invitrogen Corp. v. Clontech Labs., Inc., 429 F.3d 1052, 1072-73 (Fed. Cir. 2005) (affirming summary judgment dismissal of written description defense).

Prior to trial, Synthes sought summary judgment of no invalidity for lack of written description. Dkt. 225. Synthes argued, *inter alia*, that SK could not support its written description defenses solely by relying on an "expert report" from a patent attorney. Id. at 4-5. SK opposed the motion, and submitted four new supporting declarations. Dkt. 248, dkt. 249 (Afzal), dkt. 251 (Lee),

---

[1] SK's submission is not authorized by the rules. However, if the Court considers it, then Synthes respectfully requests that this response be additionally considered.

[2] In Rochester, it was "***undisputed*** that the [patent-in-suit] does not disclose any compounds that can be used in its claimed methods." Id. at 927 (emphasis added). The Court additionally stated, "[t]he claimed methods thus cannot be practiced based on the patent's specification, even considering the knowledge of one skilled in the art." Id.

1  dkt. 252 (Levenston) and dkt. 253 (Reo). As to all four written description defenses, SK argued that
2  issues of disputed fact existed as to what the '270 patent "convey[ed] to a person of skill in the
3  art…" Dkt. 248 at 1-2. In Reply, Synthes objected to these late filed declarations and additionally
4  argued that the declarations were insufficient as a matter of law. Dkt. 270 at 1-5. Stating that there
5  were material issues of disputed fact, the Court denied Synthes motion. Dkt. 298 at 18-20.

6  Contrary to any implication by SK, Rochester does not hold that if a factual dispute exists as
7  to the adequacy of the written description, then expert testimony on the sufficiency of the disclosure
8  is not essential at trial. As the party carrying the burden of proving invalidity by clear and
9  convincing evidence, SK was required to present substantial evidence from which the written
10 description issue could be resolved, including e.g., (1) the knowledge of one skilled in the art
11 considering the scope and content of the art; (2) what the patent specification teaches to one skilled
12 in the art; (3) whether one skilled in the art would find the art predictable; and (4) the level of
13 ordinary skill in the art. This is not information within the grasp of a lay person merely from reading
14 the '270 patent specification.

15 Besides Rochester, SK cites to Centocor Ortho Biotech, Inc. v. Abbott Labs., 636 F.3d 1341
16 (Fed. Cir. 2011) for the proposition that invalidity for lack of written description can be based solely
17 on the language of the patent specification. However, Centocor does not support SK's position
18 either. The Centocor decision, similar to Anascape, Ltd. v. Nintendo of Am., Inc., 601 F.3d 1333
19 (Fed. Cir. 2010), also cited by SK, involved an attempt by the patentee to claim priority to an earlier
20 filed patent application. In both instances, the patentee failed to carry its burden and establish
21 entitlement to its priority claim.[3]

22 Moreover, the appropriate inquiry is, and which was essentially asked by the Court at the
23 JMOL hearing – in those circumstances where there is a disputed issue of fact regarding the
24 sufficiency of the disclosure, does a party seeking to invalidate a patent for lack of written

---

[3] SK is flat out wrong when it states that the patent in Anascape was invalidated for lack of written description support. Rather, the parties agreed that the patent-in-suit would be anticipated by intervening prior art if the priority date of the invention was not that of the earlier filed patent application. 601 F.3d at 1335, 1341. In addition, regarding Centocor, expert testimony was submitted. 636 F.3d at 1348-52.

description present "substantial clear and convincing evidence" without offering testimony from one skilled in the art?

In <u>Ariad Pharmaceuticals, Inc. v. Eli Lilly & Co.</u>, 598 F.3d 1336 (Fed. Cir. 2010) (*en banc*), the Federal Circuit confirmed that the knowledge and understanding of one skilled in the art is the touchstone for determining whether the written description requirement is satisfied. The Federal Circuit stated, "the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." <u>Id.</u> at 1351. The Federal Circuit further stated that "the test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art." <u>Id.</u> In the case of generic claims, the <u>Ariad</u> Court explained that there are "a number of factors for evaluating the adequacy of the disclosure, including 'the existing knowledge in the particular field, the extent and content of the prior art, the maturity of the science or technology, [and] the predictability of the aspect at issue.'" <u>Id.</u> (quoting <u>Capon v. Eshhar</u>, 418 F.3d 1349, 1359 (Fed. Cir. 2005)).[4]

Given a standard based on the knowledge and understanding of one skilled in the art, expert testimony is essential for a finding that a sufficiently complex patent is invalid by clear and convincing evidence. <u>See</u> <u>Proveris Scientific Corp. v. Innovasystems, Inc.</u>, 536 F.3d 1256, 1267 (Fed. Cir. 2008) ("[T]he . . . patent teaches a device used for calibrating drug delivery devices; this subject matter is sufficiently complex to fall beyond the grasp of an ordinary layperson. We thus are not prepared to say the district court abused its discretion in requiring Innova to present expert testimony in order to establish invalidity [on grounds of anticipation and obviousness]."); <u>Solomon v. Kimberly-Clark Corp.</u>, 216 F.3d 1372, 1380 (Fed. Cir. 2000) (indefiniteness based on inventor's testimony reversed since "the claims and written description must be viewed objectively, from the standpoint of a person of skill in the art."). <u>See</u> also, <u>Tessenderlo Kerley, Inc. v. Or-Cal, Inc.</u>, 2012 U.S. Dist. LEXIS 78044 *14-15 (N.D. Cal. June 5, 2012) (summary judgment of written description invalidity denied, the court found "unpersuasive" the argument, "not supported by expert opinion"

---

[4] In addition, the Federal Circuit stated that the original patent specification need not "recite the claimed invention *in haec verba*…" <u>Ariad</u>, 598 F.3d at 1352.

"that the no skilled artisan (sic) would have understood that the inventors were in possession of broad claims … because the patent only disclosed specific examples and the results outside those examples would not have been predictable."); S.O.I. Tec Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc., 745 F. Supp. 2d 489, 500 (D. Del. 2010) (summary judgment of no written description invalidity granted when MEMC failed to present expert testimony establishing that purportedly undisclosed matter would not have been known to a person of ordinary skill in the art); Lucent Techs. Inc. v. Gateway, Inc., 2007 U.S. Dist. LEXIS 35557 at *19 (S.D. Cal. May 15, 2007) (summary judgment of no written description invalidity granted with the court stating that "[d]efendants' assertion that the patent alone without expert testimony will evidence invalidity under a clear and convincing burden is unrealistic.").

No case cited by SK supports a contrary conclusion. In addition to the Rochester, Centocor and Anascape cases discussed above, SK cites two cases that are not helpful, as summary judgment was granted in favor of the accused infringer because there was no disputed issue of fact. See TurboCare Div. of Demag Delaval Turbomachinery Corp. v. General Elec. Co., 264 F.3d 1111, 1119 (Fed. Cir. 2001) (undisputed that the original specification did not disclose the location of the spring and rejecting the patentee's inherency argument on legal grounds) and Trans Video Elecs., Ltd. v. Sony Elecs., Inc., 822 F. Supp. 2d 1020, 1026 (N.D. Cal. 2011) (rejecting as a matter of law the argument that "a person of ordinary skill in the art would have combined elements from Figure 1B and elements from Figure 5 to arrive at the invention claimed in claim 3.").

SK also cites Conceptus, Inc. v. Hologic, Inc., 771 F. Supp. 2d 1164 (N.D. Cal. 2010); Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 2007 U.S. Dist. LEXIS 98392 (C.D. Cal. April 30, 2007); and The Board of Trustees of the Leland Stanford Junior Univ. v. Visible Genetics, Inc., 2002 U.S. Dist. LEXIS 18021 (N.D. Cal. September 18, 2002). However, these three decisions are not on point as a motion for summary judgment of invalidity was denied in each case.

Finally, SK cites to the decisions of Adang v. Umbeck, 2007 U.S. App. LEXIS 25198 (Fed. Cir. Oct. 25, 2007) (non-precedential disposition) and In re Curtis, 354 F.3d 1347 (Fed. Cir. 2004). Both cases involved appeals from the Board of Patent Appeals and Interferences. Thus, these authorities are not instructive on the need for expert opinions both because the judges on the Board

have specialized knowledge from which they can consider the sufficiency of a patent application and because the judges do not apply the clear and convincing standard of proof.[5]

### B. SK's Conclusory Arguments That It Presented Substantial Evidence From Its Witnesses Is A Rehash Of Its Prior Arguments And Should Be Ignored

The last two pages of SK's submission do not address the legal question that serves as SK's premise for filing the submission. Rather, it is mere attorney argument on issues, unsupported with record citations, as to matters that were the extensively briefed by the parties prior to the hearing.

The insufficiency of Dr. Lee's testimony regarding the "plurality of openings" issue was addressed by Synthes in its JMOL. Dkt. 532 at 9-15.[6] The insufficiency of this evidence was also addressed in the Reply. Dkt. 558 at 9-10. As for the testimony of Mr. Koske, who the Court excluded as an expert witness on the invalidity issues (dkt. 298 at 14-16), but which SK nevertheless cited in its JMOL Opposition, the insufficiency of this evidence was addressed by Synthes in its Reply. Dkt. 558 at 10-11. As for Dr. Levenston's testimony regarding the "substantially cylindrical" issue, this was addressed in the JMOL (dkt. 532 at 18-20, and see fn. 9 providing the entirety of Dr. Levenston's conclusory testimony) and in the Reply (dkt. 558 at 12-13).

Lacking any expert testimony whatsoever on the "substantially rigid" and "flexible core" limitations, SK argues, incorrectly, that the '270 patent disclosure is "silent" or "devoid" on these

---

[5] Going beyond the citation of new authority, SK objects to Synthes earlier citations to Bilstad v. Wakalopulos, 386 F.3d 1116 (Fed. Cir. 2004) and Capon, *supra*, 418 F.3d 1349, because they were appeals from the Board of Patent Appeals and Interferences. However, these cases demonstrate that the knowledge and understanding of one skilled in the art is important in correctly evaluating the written description issue. For example, in Bilstad, the Federal Circuit stated:

> "the Board never truly discussed the understandings of persons skilled in the art and whether Bilstad's written description would reasonably convey to a person skilled in the art that Bilstad had possession of the claimed subject matter at the time of filing. Specifically, the Board made no findings on the unpredictability in the art or on whether Bilstad's disclosure expressly disclaimed manipulation in a larger number of directions than the 'small number' that the Board found his disclosure taught. … [T]he record contains no analysis of what one skilled in the art would have understood from the Bilstad disclosure or the degree of predictability of technical variations in this field of art."

Bilstad, 386 F.3d at 1125-26. Regarding Capon, the Federal Circuit explained that the scientific and technologic knowledge already in existence must be considered in determining the sufficiency of the disclosure. 418 F.3d at 1356-58.

[6] Synthes also addressed that SK improperly adduced the testimony of Dr. Lee at trial. Dkt. 532 at 16-18.

issues. Not only is this an insufficient argument as a matter of law (<u>see</u>, <u>e.g.</u>, fn. 4), it is an incorrect description of the facts. Synthes addressed similar arguments made by SK, including the factual support for these claim limitations, when Synthes filed its JMOL (dkt. 532 at 21-23) and in its Reply (dkt. 558 at 13-14).

### III.   CONCLUSION

For the reasons stated, Synthes respectfully requests the Court reject SK's argument that it was not required to present expert testimony from one skilled in the art to support its written description defenses.

Respectfully submitted,

SIDLEY AUSTIN LLP

Dated: August 17, 2012     By:   /s/ Jeffrey M. Olson
                                                                         Jeffrey M. Olson
                                                                         Attorneys for Plaintiff
                                                                         SYNTHES USA, LLC (f/k/a SYNTHES (U.S.A.))